C. C. JENKINS, Appellant, v. MOSES FURGESON et al., Appellees.

No. 40589.

December 13, 1930.

Rehearing Denied May 13, 1931.

Swift, Swift & Elsenbast, for appellant.

Hatter & Harned and Wallace & Claypool, for appellees, except N. S. Mercer.

Albert, J.—At a city election held in the city of Marengo, on March 31, 1930, the plaintiff and defendant, Furgeson, were opposing candidates for mayor. As a result of said election, Furgeson was declared elected, and on April 7th, the plaintiff filed in the office of the county auditor of Iowa County, his written statement of his intention to contest the election of Furgeson; and at the same time filed with said officer a bond, conditioned to pay all costs in case the election of Furgeson should be confirmed, or in case the statement of intention to contest should be dismissed, or if the prosecution should fail, which bond was by the county auditor approved. On the following day, a notice was served upon the mayor and the respective members of the city council, which notice is addressed "to the mayor and members of the city council of Marengo, Iowa." The notice specified that the plaintiff had filed in the office of the county auditor his statement of intention to contest the election of Furgeson to the office of mayor of the city of Marengo, and that he had filed with the said officer a bond for costs relative to the contest; and further stated that, under the provisions of Section 5629, Code, 1927, "you are required to select one of your number to act as chairman of a contest court to hear said contest". There is no requirement of the law for the service of such a notice. The defendants did not act in the

premises, and on the 6th day of May, this action in mandamus was begun. The plaintiff alleges the aforesaid facts in his petition, and asks that a writ of mandamus issue, requiring the mayor to call a meeting of the city council and requiring the city council to select one of its number to act as chairman of a contest court to hear the plaintiff's contest, and that the person selected by the council as chairman of said contest court be required to proceed to set said contest for hearing and to serve the proper and legal notice thereof as required by statute. The defendants, by their answer, raise the question as to the jurisdiction of the subject matter of the contest, alleging that the county auditor is not the person with whom the statement of intention to contest and bond should be filed, in order to give jurisdiction thereof. The bond which was given and approved was a Surety Company bond, and the defendants allege that said bond was executed without authority of the surety. Upon these issues, the case was tried and judgment rendered dismissing plaintiff's petition, from which judgment the plaintiff appeals.

The bond in question was signed by the plaintiff as principal and by "American Surety Company of New York, by Oral S. Swift, its attorney-in-fact", as surety. It is shown by the testimony, that Swift had authority to execute said bond. While it may be said, that the testimony relative to said authority consists in part of conclusions, yet, such authority is shown by testimony, to which the abstract fails to show any objection. In the absence of a denial, in accordance with our rules, the abstract must be taken as true. Other matters urged by the appellee in argument at this point were not put in issue by the pleadings and need no consideration.

This leaves for consideration the remaining question, as to whether or not the filing with the county auditor of the preliminary papers, to wit, the statement of intention to contest the election and the bond, is sufficient to constitute a commencement of a contest. In other words, was said action by the plaintiff sufficient to give jurisdiction of the subject-matter of a contest relative to the election of a city officer? This question has not heretofore been determined by this court.

To answer this question, attention must be given to the statutes of the State with reference thereto. One section of the

Code which has to do with contests of this character is a part of Section 5629 (Code, 1927) reading as follows:

"The election of any person to a city or town office may be contested on the same grounds and in the same manner provided for contesting elections to county offices, so far as applicable. The mayor shall be the presiding officer of the court, but if his election is contested, the council shall select one of its members to act in his place."

It appears in the instant case that the contest is over the election of the mayor in the city of Marengo, and this action is to compel the council to select one of its number to act in his place.

Chapter 52 of the Code, 1927, provides for contesting elections of county officers. Section 1020 provides for a court to try such contest of which the chairman of the board of supervisors shall be the presiding officer, and the contestant and incumbent may each select the person who shall be associated with him. Section 1024 provides that the contestant shall file in the office of the county auditor, within twenty days after the day when the incumbent was declared elected, a written statement of his intention to contest the election, setting forth the claim of the contestant, that he is qualified, etc., the particular causes of contest, and accompany such statement with a bond (Section 1025) to be approved by the county auditor. Section 1028 provides that the chairman of the board of supervisors shall thereupon fix a day for the trial, not more than thirty nor less than twenty days thereafter, and cause a notice of such trial to be served on the incumbent, with a copy of the contestant's statement at least ten days before the day set for trial. Section 1029 provides for the place of trial at the county seat, unless some other place within the county is substituted by the consent of the parties and the court.

There is no dispute as to the proposition that the contestant herein complied with each and all of these sections of the statute; that is, his statement of contest was filed with the county auditor in the form, manner and time provided, and at the same time the required bond was filed which was approved by the county auditor. It is insisted by the appellee, however, that this being a contest as to the mayor of a city, the statement of

the contest and the bond should have been filed with the clerk of the city of Marengo, and not having been so filed, no contest in fact existed. With this contention we cannot agree.

It will be noticed by reference to the aforesaid Section 5629 that the contest in city elections may be on the same ground and in the same manner provided for the contesting of elections of county officers *so far as applicable*. The question here raised must be therefore controlled by the force and effect to be given to the words "so far as applicable". The statute itself substitutes the mayor for the chairman of the board of supervisors as presiding officer of the contest court. No other substitutions are made, except where the contest is over the office of mayor, in which case the city council is directed to select one of its number to act as the presiding officer of such court. It is obvious, therefore, that the statement of contest, the time of its filing, the written statement of intention to contest, the particular cause of contest, and its verification, must be identical, whether the same be the contest of a city or a county office. Equally so as to the bond. There is no provision in Chapter 287 with reference to city elections and contests providing for a bond to be filed with the city clerk or to be approved by him. The time fixed for trial, provided by Section 1028, and the notice therein provided in case of a city election, are under the control of the chairman of the board. As to these specified matters of notice and time of trial, therefore, the procedure is identical in both cases. Section 1029, providing for the place of trial at the county seat, unless some other place within the county is substituted by consent of the court and the parties, must govern, as there is no provision whatever in Chapter 287 providing for a place of trial in case the contest is over a city election. We must put this construction upon this statute, and we are unable to see wherein the sections, heretofore quoted as to county officers' contests, as to the filing of statement, notice of intention to contest, and for the filing of a bond, *are not applicable* in a city election contest.

Aside from the section quoted governing city elections, and the substitution of the mayor (or in case of contest over his office, one selected from the council) for the chairman of the board of supervisors as the presiding officer of this court of contest, the statute (Section 5629) is wholly silent. The legislature hav-

ing exercised the right of substitution in certain instances, the inference must be that on other questions not specified, no substitution was intended. This is rather a ragged piece of legislation as a matter of fact, but we think it can be made workable even as it exists. The notice of intention to contest and the statement of the grounds therefor being filed with the county auditor, accompanied by a bond approved by him are the starting of the matter. When this is done, the presiding officer of the contest court is to fix a day for trial and cause notice of such trial to be served on the incumbent. In city election contests, the trial court consists of the presiding officer of the court, one man selected by the contestant and one man selected by the incumbent, as provided by Section 1020, and the procedure of the court is marked out by the subsequent sections of Chapter 52, Code, 1927. We think the sections of the statute in said Chapter 52 governing contests over county offices, in so far as the question is raised, are applicable to contests over city offices. If this is not so, we have no right to legislate by saying that the contest and bond should be filed with the clerk of the city and the bond approved by him, thus substituting the city clerk for the county auditor. The legislature did not make this substitution and we do not feel we have the right so to do.

The city of Marengo lies wholly within one county. Therefore the question of what the construction of these statutes would be where a city lies in two or more counties is wholly foreign to the question under consideration, and we will decide that question when we reach it.

We conclude therefore, that the ruling of the district court was erroneous, and so far as the questions are concerned which have heretofore been discussed, the plaintiff has made out a cause of action, and in the absence of any contrary showing, the court should have granted the relief prayed for in the petition as amended.—Reversed.

MORLING, C. J., and EVANS, DE GRAFF, STEVENS, and GRIMM, JJ., concur.